831 F.2d 298
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin E. WALKER, Plaintiff-Appellant,
v.
Billy McWHERTER, Warden, et al., Defendants-Appellees.
 No. 87-5471.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1987
 
 1
 Before WELLFORD and RALPH B. GUY, Circuit Judges, and THOMAS A. HIGGINS,* District Judge.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Tennessee prisoner appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In his complaint, he alleged that his constitutional rights were violated because he received inadequate, negligent medical care for a head injury.
 
 
 4
 We conclude that the district court properly dismissed the complaint. In the context of prisoner's claims of inadequate or negligent medical care, the Supreme Court stated in Estelle v. Gamble, 429 U.S. 97 (1976):
 
 
 5
 [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the eighth amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.
 
 
 6
 429 U.S. at 105-6.
 
 
 7
 From an examination of the complaint, it is clear that the plaintiff received adequate medical treatment at the prison clinic or hospital on several occasions. Therefore, he cannot show deliberate indifference to his serious medical needs by the defendants. At most, he may be able to show negligence in the diagnosis and treatment of his injury, but such negligence is insufficient to state a constitutional claim. 429 U.S. at 106.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation